## Commonwealth v. Colligan

*Richard Hernan,* for the Commonwealth.
*Marsha Meadows,* for defendant.

WOLFE, *P.J.,* October 22, 1985 — Defendant has filed a motion for suppression pursuant to Rule 323 of Rules of Criminal Procedure to prevent the Commonwealth from tendering in evidence at the time of his trial the readout of an intoxilyzer blood alcohol content.

Defendant was arrested on July 16, 1984, at 12:45 a.m. in Warren Borough and charged with operating a motor vehicle while under the influence of alcohol under §3731(a)(1) of the Vehicle Code and §3731(a)(4) of the Vehicle Code. Defendant submitted to a breath test for blood alcohol and registered .29 percent alcohol by weight in his blood. Defendant's sole grounds for suppression is that the intoxilyzer utilized by the Commonwealth had not been calibrated within the period of time and in the manner specified by regulations of the Departments of Health and Transportation.

75 Pa.C.S. §1547(c)(1) addresses chemical testing to determine the amount of alcohol or controlled substance:

"(c) Test results admissibility in evidence. In any summary proceeding or criminal proceeding in which the defendant is charged with a violation of §3731 or any other violation of this title arising out

of the same action, the amount of alcohol . . . in the defendant's blood as shown by chemical testing of the person's breath, blood or urine, which tests were conducted by qualified persons using approved equipment, shall be admissible in evidence.

"(1) Chemical tests of breath shall be performed on devices approved by the Department of Health using procedures prescribed jointly by regulations of the departments [sic] of Health and Transportation. Devices shall have been calibrated and tested for accuracy within a period of time and in a manner specified by regulations of the Departments of Health and Transportation. . . . A certificate or log showing that a device was calibrated and tested for accuracy and that the device was accurate shall be presumptive evidence of those facts in every proceeding in which a violation of this title is charged."

The Commonwealth admits the intoxilyzer used to test defendant was tested; however, it was not calibrated since, in fact, no regulations were promulgated by the Departments of Health and Transportation until December 22, 1984. See 14 Pa. B. 4599 (December 22, 1984).

The Commonwealth argues the read-out is admissible, notwithstanding the failure to calibrate the intoxilyzer, because defendant's blood alcohol content was exceedingly high and therefore there is no possibility his constitutional rights could be affected adversely. We disagree.

The Vehicle Code mandates both the testing for accuracy as well as the calibration before the test results are admissible. It therefore becomes an issue of admissibility of evidence rather than the testing of the fundamentals of due process.

We borrow from the opinion of Judge Cappy in Commonwealth v. Simmeth, no. CC8405850 (Alle-

gheny County Common Pleas, December 17, 1984) wherein the court suppressed the results of a breathalyzer test because of the failure of the Departments of Health and Transportation to promulgate the mandatory regulations pertaining to calibration at the time of Simmeth's arrest and testing. The court discussed the difference between testing for accuracy and calibration in this manner:

"Calibration — the process of determining, by measurement or by comparison with a standard, the correct value of each scale reading on a meter·or the correct value of each setting of a control knob. In a radio receiver, for example, calibration would mean adjusting the tuned circuits in the oscillator to make the readings of the tuning dial correspond exactly to the frequencies of the incoming signals.

"With measuring instruments, calibration generally involves adjusting the values of internal components so that the indication is correct at a specified number of points on the indicating scale and approximately correct between these points. With highly accurate instruments, calibration involves the preparation of a graph or table that gives the exact value corresponding to each line on the indicating scale."

We have been submitted no other reported cases on this issue, and we elect to follow the Allegheny County reasoning and therefore enter the following

## ORDER

And now, October 22, 1985, defendant's petition to suppress the read-out from the intoxilyzer examination administered to him on July 16, 1984, is granted and the Commonwealth is prohibited from tendering into evidence the results of said testing at time of trial.